JAMES R. BUCHANAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. JAMES R. BUCHANAN, PETITIONER, V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9297, 9298.    Promulgated July 30, 1927.

Evidence *held* insufficient to show that the petitioners sustained a loss through the transaction involved herein.

*Alan H. McLane, Esq.*, for the petitioners.
*W. F. Wattles, Esq.*, for the respondent.

These proceedings are from determinations by the respondent asserting deficiencies in income tax against James R. Buchanan in the amounts of $176.89 for the year 1920 and $244.05 for the year 1922, and deficiencies in income tax against Mrs. James R. Buchanan in the amounts of $176.89 for 1920 and $335.60 for 1922. The deficiency letter in the case of James R. Buchanan also shows an overassessment for the year 1921. It is alleged in each of the petitions that the taxes in controversy are income taxes for the calendar years 1920, 1921, 1922, and 1923. However, the only errors alleged relate to the year 1922.

FINDINGS OF FACT.

The petitioners were, during the years 1920 to 1922, inclusive, husband and wife residing at New Orleans, La. Their income was community income and was reported on that basis.

· During the year 1922 James R. Buchanan was a member of a partnership known as the Laguerre Syndicate of Jennings, La., owning a one-fourth interest therein. The respondent concedes that in determining the partnership income for 1922 he erroneously included therein the amount of $9,004.36; that the partnership income as determined by him should be reduced by that amount, and the distributive shares of the several partners adjusted accordingly.

In the year 1922 the Laguerre Syndicate contracted to drill an oil well for one Montagnet, who had a one-half interest in a certain lease. Montagnet agreed to pay the Laguerre Syndicate $11,000 for drilling the well and also to pay it $9,000 from the first oil produced. The syndicate drilled the well at a cost of $12,246.10, but Montagnet got into financial difficulties and was unable to pay his creditors and the syndicate took over his interest in the lease. It estimated the value of· the interest so taken over at $7,500 and in computing its net income for the year 1922 it deducted the difference between that amount and the cost of drilling the well. The respondent disallowed the deduction.

The respondent in computing the petitioners' income for the year 1922 allowed each of them an exemption of $1,000.

OPINION.

MARQUETTE: The first error alleged by the petitioners is that the respondent, in computing the net income of the Laguerre Syndicate for the year 1922, erroneously included therein the amount of $9,004.36. The respondent concedes that he erred as alleged by the petitioners and that the partnership income as determined by him should be decreased by the amount of $9,004.36 and the petitioners' distributive share thereof adjusted accordingly.

The petitioners also allege that the respondent, in computing the net income of the Laguerre Syndicate for the year 1922, erred in disallowing as a deduction from gross income the amount of $4,746.22 claimed as a loss on an oil well drilled in that year for one Montagnet. The evidence relative to this point discloses that in 1922 the Laguerre Syndicate contracted to drill an oil well for Montagnet for which he was to pay $11,000 and also $9,000 from the proceeds of the first oil produced. Montagnet became financially embarrassed and was unable to meet his obligations and the Laguerre Syndicate, by a written agreement, took over Montagnet's interest in the oil lease. The written agreement was not introduced in evidence and we are not informed as to what its terms were. The evidence does show that Montagnet's interest in the lease was taken over by the Laguerre Syndicate as a result of " a kind of creditor's meeting," and that Montagnet owed the syndicate at that time more than

$25,000, of which amount obviously not more than $11,000 could have been owing on account of the drilling of the oil well in question. Edward Laguerre, a member of the Laguerre Syndicate, testified that he did not know how the estimate of $7,500 as the value of Montagnet's interest in the oil lease when it was taken over by the syndicate was arrived at. The testimony as to this issue is vague and indefinite. Interpreting it in its aspect most favorable to the petitioners it simply shows that the syndicate drilled a well for one Montagnet at a cost of $12,246.22; that in the same year it took over Montagnet's interest in the lease, estimated the value thereof to be $7,500 and claimed a loss of $4,746.22 on the transaction. The respondent has determined that no loss was sustained. The evidence produced on behalf of the petitioners does not convince us that the syndicate sustained the loss claimed and we do not feel warranted in disturbing the determination of the respondent.

The petitioners also allege that they were granted exemptions of $1,000 each whereas the proper exemption was $1,250 each. Whether they should receive the one exemption or the other depends upon the amount of their taxable income. If, after adjusting their income in conformity with what we have hereinbefore said, it is found to be more than $5,000, they are each entitled to a personal exemption of $1,000, but if their net taxable income is found to be less than $5,000, they are each entitled to a personal exemption of $1,250. (Section 216(c) of the Revenue Act of 1921.)

No evidence was offered in support of the other allegations of error.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN and VAN FOSSAN.